UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL L. JOHNSON,

        Petitioner,                         Case No. 1:18-cv-614

v.                                                   Honorable Gordon J. Quist

TONY TRIERWEILER,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## **Discussion**

### I.    **Factual Allegations**

Petitioner Michael L. Johnson is incarcerated with the Michigan Department of Corrections at Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. Following a jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of assault with intent to rob while armed, Mich. Comp. Laws § 750.89, assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, carrying a concealed weapon, Mich. Comp. Laws § 750.227, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and three counts of felony firearm, Mich. Comp. Laws § 750.227b. On February 24, 2003, the court sentenced Petitioner as a habitual offender-third offense, Mich. Comp. Laws § 769.11, to concurrent prison terms of 26 years, 3 months to 50 years, 10 to 20 years, 6 to 10 years, and 6 to 10 years, consecutive to three concurrent terms of 2 years.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> This case arises from the January 7, 2002, attempted robbery of Thomas Krill's store. At around 10:00 p.m., a man entered Krill's store brandishing a firearm. The man aimed the gun at Krill, pulled the trigger several times, but the gun did not fire. Krill then struck the man's arm with a baseball bat. After being struck by the bat, the man pulled the trigger again. This time the gun fired but the bullet missed Krill. The man then fled the store. The robbery was captured on store videotape, and was later aired on local television. Ralph Carter, the brother of defendant's ex-girlfriend, Rosemary Carter, saw the televised videotape and identified defendant as the perpetrator. Ralph told his mother, Joyce Spencer, and she informed the police.

*People v. Johnson*, No. 246974, 2004 WL 1161424, at *1 (Mich. Ct. App. May 25, 2004). The state appellate court described the evidence against Petitioner as overwhelming:

2

> There was overwhelming evidence of defendant's guilt presented at trial. Ralph and Rosemary, Spencer and Krill identified defendant as the perpetrator. Defendant outright admitted to Spencer that he robbed Krill's Corner. Also, defendant's statements to detective Alofs strongly indicate that he committed the crime. Specifically, when Alofs told defendant that bond was unlikely because he was charged with assault with intent to murder, defendant responded, "you see the tape it is not all about that," and then stated the gun was not supposed to have been loaded. When Alofs told defendant that no one except defendant had been hurt in the incident, defendant responded by smiling, holding up his left elbow, and stating "Yeah, with the bat." Also, Albert White III testified to statements made to him in jail by defendant which provide a basis for finding defendant committed the offense. Moreover, defendant's alibi defense was not supported by any evidence beyond his own questionable testimony.

*Id.* at *2.

Defendant's alibi defense was premised on his claim that he was not in Kalamazoo when the robbery occurred. Instead, he was caring for his ailing grandmother at her home in Muskegon Heights, Michigan. Prior to trial, Petitioner identified several witnesses that could confirm his alibi, including his uncles Charles Daryl Johnson and Anthony Johnson, his grandmother, Evelyn Sims, his aunt Ella Johnson, his cousins Marcus and Damion Spears, and Rose Mary Carter.[1] (Witness Lists, ECF No. 1-4, PageID.158, 160, 162, 164.) By the time of trial, however, that list had been whittled down to Anthony Johnson. (Witness List, ECF No. 1-4, PageID.165.)

On April 25, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on April 25, 2018. (Pet., ECF No. 1, PageID.43.) The envelope was postmarked May 31, 2018.

---

[1] Ms. Carter testified against Petitioner at his trial. *Johnson*, 2004 WL 1161424 at *2.

(*Id.*, PageID.44.) The petition was received by the Court on June 1, 2018. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Although the petition purports to raise two grounds for habeas relief, the second is essentially a restatement of the first. Both grounds contend that Petitioner's trial counsel rendered ineffective assistance because he failed to adequately investigate and present Petitioner's alibi defense.

## II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals. That court issued an opinion affirming the trial court on May 25, 2004. He did not seek further review by the Michigan Supreme Court.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(2). Accordingly, Petitioner's conviction became final on Tuesday July 20, 2004**.** Petitioner had one year from that date, or until July 20,

5

2005, in which to file his habeas application. Petitioner filed on April 25, 2018. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). Petitioner filed such a motion on February 16, 2016. (Pet., ECF No. 1, PageID.3.) The trial court denied the motion on May 9, 2016. (*Id.*, PageID.4.) Petitioner sought leave to appeal in the Michigan Court of Appeals and then the Michigan Supreme Court. (*Id.*, PageID.4-5.) Those courts denied leave by orders entered February 8, 2017, and December 27, 2017, respectively. (*Id.*)

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2005, his collateral motion pending during 2016 and 2017 did not serve to revive the limitations period.

Petitioner does not directly address the timeliness of his petition in the petition itself. Petitioner argued in the state courts, however, that his claims rely on evidence newly discovered during the summer of 2015. To the extent Petitioner's habeas claims rely on newly discovered evidence, the one-year limitations period would run from "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Under § 2244(d)(1)(D), the time under the limitations period begins to run when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Id.* (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999)). *Id.* "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)).

Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v.*

7

*Leonard*, 36 F. App'x. 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of § 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

Petitioner's newly discovered evidence consists of several affidavits: (1) the affidavit of Amanda Flores, Petitioner's grandmother's homecare nurse, who swore that Petitioner was at his grandmother's home when she stopped by on December 26, 2001, and every day thereafter for a month (Aff. of Amanda Flores, ECF No. 1-5, PageID.205-206); (2) the affidavit of Marcus Ross, Petitioner's cousin who also swore that Petitioner was at their grandmother's house when Marcus visited on December 26, 2001, until the end of January 2002 (Aff. of Marcus Ross, ECF No. 1-5, PageID.208-209); (3) the affidavit of Latisha Spears who swore that she was with Petitioner at their grandmother's house from December 26, 2001, until the end of January, 2002 (Aff. of Latisha Spears, ECF No. 1-5, PageID.211-212); and (4) the affidavit of Anthony Ray Johnson, Petitioner's uncle, who swore that Petitioner was at his grandmother's house from December 26, 2001, to the end of January, 2002 (Aff. of Anthony Ray Johnson, ECF No. 1-5, PageID.214). To succeed in his claim, therefore, Petitioner must show that he did not find out until the affidavits were signed during the summer of 2015 that Amanda Flores, Marcus Ross, Latisha Spears, and Anthony Ray Johnson were with Petitioner in his grandmother's house caring for his grandmother during the relevant time period. Petitioner cannot make that showing. The trial court found that Petitioner was well-aware of the alibi witnesses at the time of trial:

> The record shows that Defendant and trial counsel knew there were potential alibi witnesses. Anthony Johnson was specifically listed as an alibi witness. Defendant was specifically asked who could account for him being in Muskegon during the time of the crime and he stated "my uncles, my cousins, there was a nurse, there was a meals on wheels lady; but we don't know her name and we don't know the nurse's name." [Trial transcript, Vol. III, p 536]. It is clear that Defendant knew of these potential witnesses . . . .

(May 6, 2016 Kalamazoo County Circuit Court Order, ECF No. 1-2, PageID.83.) The trial court's findings are well supported in the record Petitioner has supplied.

Moreover, having secured at least two, and possibly three, affidavits[2] as of June 11, 2015, Petitioner waited months before filing his motion for relief from judgment in state court and then waited months after the Michigan Supreme Court denied leave to appeal before filing this petition. Combined, those months exceed the one-year period of limitation. Thus, the petition is untimely even if the affidavits constitute "newly discovered evidence."

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S.

---

[2] The affidavits of Marcus Ross and Amanda Flores were signed June 11, 2015; the affidavit of Latisha Spears is not dated. (Affidavits, ECF No. 1-5, PageID.205-212.)

9

408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

As detailed above, Petitioner cannot show that he has been pursuing his rights diligently. Indeed, he has failed to allege any facts or circumstances that would warrant application of equitable tolling in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Finally, in *McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, the affidavits he now offers as new evidence do not make it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. The Michigan Court of Appeals listed the overwhelming evidence pointing to Petitioner's guilt. The vague testimony of friends and relatives to the effect that they saw Petitioner at his grandmother's house every day from December 26, 2001, to the end of January, 2002, is not necessarily inconsistent with Petitioner's presence in Kalamazoo on January 7, 2002, nor does it preclude his participation in the attempted robbery. Because Petitioner has failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III.     Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263

F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely.  Therefore, I recommend that a certificate of appealability should be denied.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.

Dated:  June 19, 2018                               /s/ Ray Kent
                                                    Ray Kent
                                                    United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).