UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL L. JOHNSON,

    Petitioner,

v.                                                                                Case No. 1:18-CV-614

TONY TRIERWEILER,                               HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

      This is a habeas corpus action brought by Michael Johnson, a state prisoner, under 28 U.S.C. § 2254. Following initial review, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R), recommending that the Court dismiss Johnson's petition as time-barred under 28 U.S.C. § 2244(d). (ECF No. 5.) Johnson objected to the R & R, arguing that his petition was timely due to newly discovered evidence "resetting" the one-year statutory limit. (ECF No. 6.) Having reviewed the R & R and Johnson's objections, the Court will adopt the R & R and dismiss Johnson's petition.

      Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

conducting a de novo review of the R & R, Johnson's objections and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The R & R thoroughly addressed the possible limitations period and tolling options for Johnson's habeas petition, such as the initial period after his appeals in the Michigan state courts—that period had run by July 20, 2005. The R & R concluded that Johnson, who filed the petition April 25, 2018, did not have a viable reason to avoid the statute of limitations. Johnson offers no practical counter to many of these findings, and the Court need not address them.

The crux of Johnson's argument is that newly discovered evidence reset the limitations period. The purported newly discovered evidence is comprised of four signed affidavits that Johnson claims support his alibi defense, *i.e.*, that he was with his ailing grandmother at her house in Muskegon Heights from December 26, 2001, to the end of January 2002—during the time the robbery occurred in Kalamazoo.

To succeed on his newly discovered evidence argument, Johnson would have to show that he was not aware of the evidence until he acquired the affidavits in June 2015. "[I]t is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2003). "The question under the provision is not when the prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). So, Johnson would have to show that he did not know that these individuals saw him in his grandmother's house back in December

2001 through January 2002, and that he could not reasonably have known this until the summer of 2015. If Johnson was in the house with these individuals, he certainly would have known.

Johnson argues in his Objection that he first became aware of the facts in the affidavits on August 20, 2015. Johnson cites his incarceration as the reason he "could not secure the affidavits himself." Johnson asserts that it was not until his uncle, Ivy Spears, moved to Muskegon in 2015 that someone was able to investigate witnesses and acquire the affidavits; his sister Joy Johnson, a New York resident, also drove to Atlanta, Georgia to acquire an affidavit as well. Johnson offers no rationale for why these four affiants saw him in his grandmother's house, but Johnson himself did not know that they saw him there until 2015. Johnson does submit he had difficulty finding the identity of his grandmother's homecare nurse, one of the affiants, but "the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Redmond*, 295 F. Supp. 2d at 772. As the R & R noted, "Section 2244(d)(1)(D) 'does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim.'" (ECF No. 5 at PageID.322 (quoting *id.*).) Johnson has not shown that the R & R's conclusions are incorrect.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Johnson has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Johnson's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Johnson's claims was debatable or wrong. Therefore, the Court will deny Johnson a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 5) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (ECF No. 6) is **OVERRULED**.

**IT IS FURTHER ORDERED** that, for the reasons set forth in the R & R, a Certificate of Appealability is **DENIED**.

A separate judgment will issue.


Dated: August 1, 2018                    /s/ Gordon J. Quist
                                                                                        GORDON J. QUIST
                                                                             UNITED STATES DISTRICT JUDGE